IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES BUFFORD,

        Petitioner,

    v.

JEAN HILL,

        Respondent.

Civil No. 07-952-ST

FINDINGS AND RECOMMENDATION

    Anthony D. Bornstein
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Jonathan W. Diehl
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying departure sentences imposed by the Marion County Circuit Court. For the reasons which follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

## BACKGROUND

On June 5, 2000, the Marion County Grand Jury indicted petitioner on charges of Rape in the First Degree and Failure to Register as a Sex Offender. Respondent's Exhibit 102. Petitioner pled guilty to the Failure to Register charge, and was convicted of the Rape charge following a jury trial. Respondent's Exhibits 103, 120. It is undisputed that in February 2001, the trial court imposed upward departure sentences for both crimes, resulting in consecutive sentences totaling 166 months in prison. Trial Transcript, pp. 217-18.

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Bufford*, 185 Or. App. 163, 58 P.3d 853 (2002), *rev. denied*, 335 Or. 180, 63 P.3d 27 (2003).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County which was denied on all claims. Respondent's Exhibit 129. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review.

2 - FINDINGS AND RECOMMENDATION

*Bufford v. Hill*, 210 Or. App. 467, 151 P.3d 960, *rev. denied*, 342 Or. 644, 158 P.3d 507 (2007).

Petitioner filed this federal habeas corpus case on June 27, 2007, raising the following grounds for relief:

1. The trial court erred in denying trial counsel's request to withdraw; and

2. Trial counsel was ineffective for failing to object to petitioner's departure sentences based on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Respondent asks the court to deny relief in this case because: (1) the first ground fails to state a federal claim, is not argued to this court, and was not fairly presented to Oregon's state courts; (2) the claim of ineffective assistance of appellate counsel was neither raised in the Petition nor fairly presented to Oregon's state courts; and (3) all claims lack merit.

## FINDINGS

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner

3 - FINDINGS AND RECOMMENDATION

bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id* at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.  *Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

## II.  Unargued Claim

Petitioner provides no argument in support of his first ground that the trial court erred in denying trial counsel's request to withdraw and makes no attempt to refute the State's arguments in its Response that this claim does not entitle him to relief.  The court has nevertheless reviewed petitioner's unargued claim and determined that it does not entitle him to relief.  *See* 28 U.S.C.

§ 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

### III. Ineffective Assistance of Trial Counsel

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine

5 - FINDINGS AND RECOMMENDATION

confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S. Ct. at 1420.

More than seven months prior to petitioner's sentencing, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Oregon's state courts and every federal circuit in the country reasoned that the "statutory maximum" described in *Apprendi* constituted the maximum punishment permissible under the range of statutory penalties allowed. *Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005); *Peralta-Basilio v. Hill*, 203 Or. App. 449, 453-54, 126 P.3d 1 (2005); *State v. Dilts*, 179 Or. App. 238, 39 P.3d 276 (2002). Pursuant to this widely shared interpretation, an Oregon litigant convicted of Rape in the First Degree could only raise a successful *Apprendi* claim to a court-imposed departure sentence if the trial judge imposed a sentence exceeding 20 years, the maximum sentence allowed for a Class A felony in Oregon. ORS 161.605.

Four years later, the Supreme Court concluded that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence

6 - FINDINGS AND RECOMMENDATION

a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington,* 542 U.S. 296, 303 (2004) (citation omitted) (emphasis in original). As a result, a guideline presumption subsumed within the broader 20-year statutory parameter was, itself, considered a "statutory maximum."

There is no dispute that petitioner was sentenced within Oregon's applicable statutory parameters (thus satisfying the interpretations of *Apprendi*), but in excess of his presumptive sentences under the Oregon Sentencing Guidelines (a violation of *Blakely*).[1] Even though petitioner's sentencing hearing took place more than three years prior to the *Blakely* decision, he nevertheless faults counsel for not raising a *Blakely*-style objection in the wake of *Apprendi*.

As shown by the post-*Apprendi* decisions of Oregon's state courts and the federal circuit courts, "the rule announced in *Blakely* was clearly not apparent to all reasonable jurists, nor was it dictated by precedent." *Schardt*, 414 F.3d at 1035. "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (citing *Strickland*, 466 U.S. at 690).

---

[1] *Blakely* does not apply retroactively to convictions, such as petitioner's, which became final prior to that decision. *United States v. Cruz,* 423 F.3d 1119 (9th Cir. 2005).

7 - FINDINGS AND RECOMMENDATION

Because existing precedent did not support a Sixth Amendment objection at the time of petitioner's sentencing, counsel's performance did not fall below an objective standard of reasonableness. *See Fuller v. United States*, 398 F.3d 644, 651 n. 4 (7th Cir. 2005) (counsel's failure to anticipate *Blakely* does not constitute ineffective assistance). Accordingly, the PCR trial court's decision denying relief on petitioner's ineffective assistance of counsel claim did not involve an unreasonable application of clearly established federal law.

### IV. Ineffective Assistance of Appellate Counsel

Finally, in his supporting memorandum, petitioner argues that his attorney who handled his direct appeal was constitutionally ineffective by failing to challenge the legality of petitioner's departure sentences. However, this claim is not contained in the Petition for Writ of Habeas Corpus as required by Rule 2(c) of the Rules Governing Section 2254 Cases. In addition, petitioner failed to fairly present such a claim to Oregon's state courts because it was not contained in either his Appellant's Brief to the Oregon Court of Appeals or in his Petition for Review to the Oregon Supreme Court. Respondent's Exhibits 130, 132; *see also Rose v. Lundy*, 455 U.S. 509, 519 (1982) (requiring a petitioner to fairly present his claims to a state's highest court before presenting them for federal habeas review).

8 - FINDINGS AND RECOMMENDATION

Even assuming petitioner's ineffective assistance of appellate counsel claim did not suffer from these procedural defects, it would not entitle him to habeas corpus relief for the same reasons that he is unable to prevail on his claim of ineffective assistance of trial counsel.

## **RECOMMENDATION**

For the reasons set forth above, the Petition for Writ of Habeas Corpus (docket #2) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

## **SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are due May 22, 2009. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>5th</u> day of May, 2009.

                      s/   Janice M. Stewart
                      Janice M. Stewart
                      United States Magistrate Judge